UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KERRY NEAL MULLINS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v.                ) | Case No. 2:13-cv-02026-CLS-HGD |
| ) | |
| **WILLIE THOMAS, Warden, and** ) | |
| **THE ATTORNEY GENERAL OF** ) | |
| **THE STATE OF ALABAMA,** ) | |
| ) | |
| **Respondents.** ) | |

**MEMORANDUM OPINION**

On November 8, 2013, the magistrate judge's report and recommendation was entered, and the parties were allowed fourteen (14) days in which to file objections therein.  On November 21, 2013, petitioner filed objections to the magistrate judge's report and recommendation.

Petitioner argues that he is entitled to equitable tolling of the statute of limitations because of his alleged borderline mental functioning, lack of understanding of the law, and *pro se* status.  As discussed by the magistrate judge, such bare allegations are insufficient to establish entitlement to equitable tolling. *See Green v. Hinsley*, 116 F. App'x. 749, 751 (7th Cir. 2004) (finding that equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ

would render him incompetent or prevent him from timely filing his petition); *Murray v. McNeill*, 2008 WL 2520494, at *5-*6 (S.D. Fla. June 20, 2008) (holding that a petitioner must submit proof of mental illness or incapacity, and more than merely self-serving assertions). Further, illiteracy or lack of knowledge about the law will not justify the invocation of equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (stating that unfamiliarity with the legal process due to illiteracy does not merit equitable tolling); *Welsh v. McNeill*, 2009 WL 1370829 (M.D. Fla. May 14, 2009). Ignorance of the law does not, on its own, amount to extraordinary circumstances sufficient to warrant equitable tolling. *See Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007) (quoting *Wakefield v. Railroad Retirement Board*, 131 F.3d 567, 570 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling.")); *see also Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (holding that ignorance of the law is an insufficient rationale for equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (holding that incarceration and *pro se* status do not warrant equitable tolling).

After careful consideration of the record in this case, the magistrate judge's report and recommendation, and the petitioner's objections thereto, the court hereby ADOPTS the report of the magistrate judge, and ACCEPTS his recommendation that the petition for writ of habeas corpus be denied.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 28th day of March, 2014.

_____
United States District Judge